1 **O'HAGAN MEYER**
2 THEODORE C. PETERS (SBN 235115)
  CECILE VUE (SBN 332600)
3 2615 Pacific Coast Highway, Suite 300
  Hermosa Beach, CA 90254
4 Tel: 310.807.1100 | Fax: 310.807.1115
  Email: tpeters@ohaganmeyer.com
5 Email: cvue@ohaganmeyer.com
6
7 *Attorney for Defendant*
  *WALMART INC.*
8

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CATHY GUEVARA,<br><br>             Plaintiffs,<br><br>     vs.<br><br>WALMART INC.; AND DOES 1 TO 100,<br><br>             Defendant(s). | Case No.:<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.**<br><br>Complaint Filed: June 1, 2022<br>Trial Date: None Assigned |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Santa Clara, where it is currently pending as Case No. 22CV399214, to the United States District Court for the Northern District of California.

1
**NOTICE OF REMOVAL**

1  This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Cathy Guevara is a resident, citizen and domiciliary of the State of California. Defendant Walmart Inc. is a Delaware corporation with its principal place of business in the State of Arkansas.

## BACKGROUND

On June 1, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Santa Clara, entitled "Cathy Guevara *v.* Walmart Inc.; and DOES 1 to 100", as Case Number 22CV399214. Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

Plaintiff asserts in the Complaint two causes of action, for premises liability and for negligence, arising out of a slip and fall incident that allegedly occurred on the premises of one of Defendant's retail store locations in San Jose, California, on or about July 30, 2020. Plaintiff claims that as a result of her slip and fall, she sustained general and special damages. In a settlement demand dated March 16, 2022, and submitted to defense counsel on July 18, 2022 (after Defendant had been served with the Complaint), *Plaintiff asserts that she has already incurred $91,699.00 in medical expenses*. She further asserts a *total demand of $1,166,699.00*. A copy of Plaintiff's demand is attached hereto as **Exhibit 2**.

## GROUNDS FOR REMOVAL

As set forth more fully below, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States and in which citizens or subjects of a foreign state are additional parties[.]"

### I. The Amount-In-Controversy Requirement is Satisfied.

Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in his complaint. In contrast, Plaintiff's demand letter asserts that Plaintiff has already incurred medical expenses in the sum of $91,699.00 and she asserts a demand in the total amount of $1,166,699.00. (**Exhibit 2** at pages 2, 5.)

A settlement letter is relevant evidence of the amount in controversy for establishing the jurisdictional threshold for removal. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly consulted in determining "plaintiff's assessment of the value of her case"); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendant stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper.")).

*See, also, Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $1,166.699.00 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses).

Courts in the Ninth Circuit, in assessing whether a removing party has satisfied its burden is establishing the amount in controversy requirement, have "endorsed the Fifth Circuit's practice of considering facts presented in the removal petition as well as 'any summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 1997)).

In her Complaint, Plaintiff asserts that she "suffered severe bodily injuries, including but not limited to injuries to her left knee, neck and back." (Complaint, **Exhibit 1**, at Attachment 1.) As a consequence of this slip and fall incident, Plaintiff claims that she is entitled to recover wage loss, loss of use of property, hospital and medical expenses, general damage, loss of earning capacity and pain and mental suffering damages. (Complaint, **Exhibit 1**, at ¶ 11.)

Plaintiff's settlement demand should be received as compelling evidence of the amount in controversy in this instance, particularly in light of the serious nature of the injuries Plaintiff allegedly sustained while a customer in one of Defendant's retail stores. While Plaintiff may not ultimately be able to recover as much as $1,166,699.00 for her alleged injuries as is reflected in her demand, as in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume that Plaintiff seeks to recover *at least $75,000* particularly here, where she has allegedly *already incurred* $91,699.00 in medical expense.

Accordingly, the amount in controversy in this action well exceeds $75,000, exclusive of interest and costs.

Because the amount in controversy exceeds $75,000, removal on the basis of diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

## II. Complete Diversity of Citizenship Exists Between Plaintiff and Defendant.

On information and belief, Plaintiff is a resident of San Jose, California. Plaintiff is therefore a citizen of California. Plaintiff alleges at paragraph 5 of the Complaint that Defendant is a corporation. Defendant admits that it was incorporated in the State of Delaware and further states that its principal place of business is in Arkansas. For purposes of diversity, therefore, Defendant is a citizen of Arkansas and Delaware.

The Complaint also names "DOES 1-100" as Defendants. (Complaint, **Exhibit 1**, at ¶ 6.) For purposes of removal, however, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Therefore, the inclusion of "Doe" defendants in the state court Complaint has no effect on removability. In determining whether diversity of citizenship exists, only the named defendants are considered. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No. 2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D. Cal. Jan. 30, 2012).

### III.   The Other Prerequisites for Removal are Satisfied.

This Notice of Removal is timely filed. The relevant statute provides that "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). Section 1446(b)(3) provides that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added.)

Plaintiff filed her Complaint with the state court on June 1, 2022. Defendant was served with the Complaint on June 17, 2022. On July 18, 2022, after service of the Complaint, Defendant was presented with Plaintiff's demand letter wherein she claimed that she has already incurred over $91,000 in medical expense and that she is demanding over $1.1 million in damages. Upon receipt of this demand, Defendant promptly filed this Notice of Removal.[1]

---

[1] That Plaintiff previously submitted her demand letter on Defendant, prior to service of the Complaint, is of no consequence for purposes of assessing the timeliness of this removal. Under the statute providing that a notice of removal may be filed within 30 days after receipt by the defendant of a copy of an amended pleading, motion, order, *or other paper* from which it may first be ascertained that the case is one which is or has become removable, "other paper" does not include any document received

This action is properly removed to the United States District Court for the Northern District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(a) (listing the counties within the Northern District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (22CV399214) to be included with this Notice of Removal.  True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Demand Letter
- **Exhibit 3** – Civil Case Cover Sheet

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 4**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Santa Clara.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

///
///
///
///
///
///
///

---

prior to receipt of the initial pleading. *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876 (9th Cir. 2010). Thus, Defendant had until August 17, 2022 to file the instant Notice of Removal.

If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to submit briefing and oral argument and to conduct discovery in support of its position that subject matter jurisdiction exists.

DATED: July 22, 2022    Respectfully submitted,

O'HAGAN MEYER

By: /s/ Theodore C. Peters
THEODORE C. PETERS
CECILE VUE
*Attorneys for Defendants*
*WALMART INC.*